Good morning, Illinois Appellate Court, 1st District. Court is now in session, 4th Division, the Honorable Justice Robert E. Gordon presiding, case number 1-7-0550, People v. Taewon Knight. Would the lawyers who are going to argue the case please introduce themselves to the court, please? Yes, I'm Todd McHenry and I represent Taewon Knight. Good morning, my name is Assistant State's Attorney Justin Erb and I'm representing the people of the state of Illinois. Okay, the appellant, are you going to reserve some time for rebuttal? Two minutes please. Okay, well let's proceed. Thank you. The two issues are before the court today, the first being that Taewon Knight's sentence, which is 40 years longer than Co-Defendant Richard Morris' sentence, is unconstitutionally disparate and when this cause was remanded back for an evidentiary hearing on that matter, both PC Council and the trial court precluded Taewon Knight from repeating the sentence. I'm sorry? Okay, I thought there was a question. So, then the first issue, turning to the facts, you know, Judge Tewon- Hey, Darren, I can't hear a thing. My speakers are up. Go ahead. Is no one hearing me? Yeah, maybe, you know, Justice Hall, are you having a problem hearing him? Hello? I'm sorry, Judge, that was- No, I don't have any problem at all. That was interference from somebody. Yeah, that was interference from someone else. You can continue. I stopped it. Okay, okay. Okay, then let's proceed. All right, okay. Just going over the facts of the first issue, Taewon Knight and Richard Morris, there's no way to find on these facts that Taewon Knight was more culpable than Richard Morris or that he had a greater background that would justify this 40-year disparity between their sentences. Judge Tewman, when Morris was sent back and was resentenced, Judge Tewman found that Morris was the primary mover, the moving force behind the murder, found that his participation was greater than that of Taewon Knight and sentenced him to the maximum that he could. And then for Taewon Knight, he was obviously found accountable for the acts of Morris. If we look at their criminal background, they both have somewhat similar background. They had a couple felonies, but Morris also had a pending charge for murder, for a murder of an individual in Wisconsin, where he transported the body back and then burned the body in Illinois. So on these facts, there's no way to find that Taewon Knight was even close to, in the same situation as Richard Morris for the purposes of sentencing. And yet he stands with a sentence that is 40 years greater than the co-defendant, who was the actual killer. Going through the cases, there was a finding of brutal and heinous in one case, but not the other. There are several cases that we rely upon in which this court has found that even if there's a finding of brutal and heinous in one, if we're talking about the same offense, for the purposes of disparate sentencing claims, this court has vacated extended sentences for one, even though it still believed that the underlying crime was brutal and heinous if it was imposed against one, but not the other. So that's People v. Irillo, also People v. Jackson. So there's case law from this court that guides directly on point, saying that even if we believe that this was brutal and heinous, where one received it but not the other, the proper thing to do is to vacate the extended sentence for the one to reduce the sentence overall so we don't have this tremendous disparity between the two. Also then, the other thing too, I just bring it up because the state makes the argument in their brief that there should be sort of, that those cases should be distinguished based on the fact that there was a different sentencing judge in both proceedings. But in People v. Jennings, the court held that certainly you can still make a disparate sentencing claim, does not hinge upon whether or not there were different fact finders at one sentencing hearing over the other. So all those cases together leave really no wiggle room for the state here. There's no way to argue that my client was either more culpable or was somehow less likely to, had less rehabilitative potential. Taiwan Knight was 20 at the time of the offense, the co-defendant was 21. So even, there's no fact in which Richard Morris is somehow deemed less responsible or that he had greater potential for rehabilitation than Taiwan Knight. Is there any claim for ineffective assistance of counsel here? There is, unreasonable assistance of counsel and also really the circuit court. Because when this matter was sent back, the whole purpose of it was to give everybody an opportunity to dive into- What if I unmute the speaker? Are we still having a- Yeah, we're still having a problem there, but let's try to just disregard it. I don't know where it's coming from. Okay. I'll just keep going then. So yeah, there is an unreasonable assistance claim. And it's basically that when this matter was sent back, the whole purpose was for counsel and the court and the prosecutor to compare the trial and the sentencing hearing for Morris's retrial and resentencing to see if there's anything that would have justified this disparity in the sentence. But when we actually go through, I mean, post-conviction counsel did not cite this, and I think relied upon the trial findings where the jury did not believe the state proved Morris was the actual shooter beyond a reasonable doubt. Counsel definitely knew that, but seemed to be completely unaware of the fact that Judge Tumman expressly said, I believe beyond a preponderance of the evidence that Morris was in fact the shooter and sentenced him accordingly. So that's obviously one of the most important factors in a disparate sentencing claim is who's the more culpable of the two. And PC counsel was either completely unaware or inexplicably did not correct the parties of the state or the circuit court of that fact. And we also make the argument that really the circuit court also had the opportunity to review those records and should have corrected counsel at that point too, because this was one of the most dispositive facts in this analysis. So for those reasons, we are making that claim as well. Well, counsel, if I understand you, you're also raising an issue with regards to the trial judge when the case was remanded? Exactly. There's sort of two things. The main one that we focus on is, again, the trial court should have known after reviewing the sentencing hearing for Morris that these findings were made by Judge Tumman, that Morris was still the shooter and was the more accountable of the two. And the trial court was unaware of that. So in that respect, it deviated from really what the terms of the remand were, which was everybody need to be familiar with what happened at that resentencing hearing. Also, too, there was it was brief, but in this court's remand before in describing what the arguments were, this court did agree that PC counsel was unreasonable. And there was an exchange on the record where the circuit court correctly said, you know, if counsel was found ineffective or unreasonable, I don't want counsel on the case. We'll appoint somebody else. But nobody seemed to be aware, you know, neither the court nor the parties of that passage in this court's remand where it said, yes, you know, we agree with defendants arguments. So that's all something, too. But the bigger picture is really everybody should have known that Morris was found to be the most culpable of the two and nobody was aware of it. Do you want to reserve some of your time for rebuttal? Yeah, two minutes should be fine. Thank you. Yeah. OK. All right. Let's let's hear from the state. Thank you, your honor. Good morning, counsel, your honors. My name is Assistant State's Attorney Justin Erb, and I'm representing the people of the state of Illinois. Please, the court. So for this first issue, there's only one central issue in this case is the petitioner's sentence unconstitutionally disparate from Morris's when two separate fact finders considered the same case and came to different conclusions about a material fact here, whether the crime was brutal and heinous. The reasoning behind the state's prohibition on disparate sentences for two similarly situated defendants is obvious. It's fundamentally unfair to punish two people in similar situations differently for doing the same thing. However, this comes with an unstated assumption that there's a singular finder effect, that the that there look that and they make the same findings of effect. And in this and that that finder effect determined that the two parties had similar culpability and similar criminal backgrounds. And this is just not the situation that we are faced with on this appeal here during petitioner's trial. Both he and Morris were found guilty of first degree murder. And the circuit court found that as a matter of fact, the crime was brutal and heinous. As petitioner point out, the court decided that Morris was more responsible for the crime than the petitioner. This is true and there's no reason to dispute that finding. However, this was reflected in their sentences. Morris initially was given the death penalty, whereas petitioner was only given natural life in prison, or I apologize, 100 years in prison. This court affirmed that circuit court sentence because it found that the evidence was so overwhelming that the crime was brutal and heinous. There was no need to resubmit the question to the jury in light of Apprendi. So in a separate, unrelated trial with a separate, unrelated jury, that that finder effect reached the opposite conclusion. Therefore, Morris got a lower sentence than the one petitioner received. There is no inconsistency in this instance because there's no unfair unfairness. Morris caught a break that does not render the petitioner sentence unfair, especially in light of the differences in their level of culpability was initially respected at the original sentencing hearing. This court's case in Rodriguez provides helpful guidance in Rodriguez, there were four defendants, Salgado, Rodriguez, Chavez and Muniz. All of them took part in the same murder and each were found guilty over the course of two different trials. The court sent one singular court made a sentencing decision, assigned a hierarchy of responsibility and then sentenced each defendant according to that hierarchy. It found that the most responsible defendant file, I'm sorry, the most responsible defendant, Salgado, filed a post conviction petition and got a new sentence that was 12 years less than the least responsible party sentence. Each of the three defendants filed their own petitions, arguing that those sentences were arbitrarily disparate and unconstitutional because they were less culpable than Salgado. And then this court recognized in Rodriguez what it should recognize that it's not bound by the finding of the findings of another court's consideration of the same issue. Morris's jury on retrial did not find that his actions were brutal and heinous. The trial court in petitioner's case, following the law as existed at the time of his trial, found that it was brutal and heinous. This court affirmed that determination and refused to remand the matter back to the trial court. Morris's lock on his retrial does not presuppose that petitioner's sentence was disparate, inconsistent or in need of fixing, especially where the difference in their level of culpability was recognized and respected in the first instance. Furthermore, this court should look to its decision in Madrowski and which leads us to the one defendant guilty, his co-defendant not guilty. The defendant argued on appeal that his life sentence was disparate to his co-defendant's lack of a sentence because he was found not guilty. This court quickly rejected that argument. And it was simple as to why. One defendant was convicted, one was not. They were not similarly situated. The finder of fact came to different conclusions as to the two defendants. So like in Madrowski, we are in a situation where two defendants had different sentences, but that's because a finder of fact found different things about their sentence or about the facts of their crimes. They're not similarly situated and therefore their sentences should not be compared. Counsel, you say that Morris caught a break. Is that not the classic meaning of an unconstitutionally disparate sentence? Well, Your Honor, when I mean caught a break, I believe it was their backgrounds were similar. Their ages were similar. And because the big difference was that one caught a break and the other didn't, is the main difference between their sentences. So isn't that classically what it means to have an unconstitutionally disparate sentence? Your Honor, when I'm saying caught a break, I'm talking about a different finding of fact. The people's position is that it doesn't make the sentences disparate because they're not similarly situated anymore. The fact that the jury found... How can you say that they're not similarly situated? I don't know how they get any more similar. Your Honor, the people's position is they're not similarly situated because... How are they dissimilar? Because there's a crucial finding of fact as to whether the enhancement of whether the crime was brutal and heinous applies in the... One judge finds that they're brutal and heinous, that Morris and Knight, that they're that the brutal and heinous are both, that they are both brutal and heinous in the commission of the crime. And then as the case moves on, there's a different finding because Morris caught a break. Yes, Your Honor. It's the people's position that they were similarly situated in the first instance when they were both found guilty and they were both sentenced and Morris was sentenced to death. Were similarly situated at first and then they were dissimilarly situated later. The same fact, same people, same records. Yes, Your Honor. It's the, that is a crucial finding of fact. And that one, the fact that it was found in one instance and not in the other, as in Rodriguez, would render them not similarly situated. And briefly, if there are no further questions, I would like to just speak about Jennings very quickly. In Jennings, the situation was in the context of an ineffective assistance of counsel. The court in Dictum said that the fact that one was sentenced by a, one sentencing court and the other was sentenced by another would not necessarily disclude a finding of disparate sentences. That's not the same situation as we're faced here. And that's not the same situation as Rodriguez. For one, it is Dictum, for two, it is a far older case than Rodriguez, and three, that was a sentencing determination. It didn't involve a finding of fact, let alone a finding of fact that would lead to a sentencing enhancement. So people v. Jennings would not be controlling in this case. Moving on to issue two, if there are no further questions. In issue two, petitioner claims that he was not afforded a fair third stage evidentiary hearing because his counsel did not give him reasonable assistance and makes three distinct arguments on that point. First, he argues that he did not acquaint, that his counsel did not equate himself with the facts of the petitioner's case or Morris's case. Second, the court was not aware of the facts of the petitioner's case. And third, he argues that his counsel was unaware that he had not been, that he had been found to have provided unreasonable assistance in the prior appeal. The first two issues are essentially identical and both untrue. The court remanded the matter back to the trial court with instructions for the court to hold an evidentiary hearing and to examine Morris's sentencing and trial. And the record shows on several court dates where the record was exchanged from the petitioner's attorney to the court, extra dates so they could read it more thoroughly. And during the evidentiary hearing itself, which proceeded by way of argument, as there was few, if any, credibility determinations to be decided in that case, the counsel cited specific passages throughout Morris's sentencing hearing throughout. There is no reason for the petitioner's counsel to have proceeded in any different way. The differences between Morris and Petitioner's sentences was clearly a legal distinction. It was just the brutal and heinous finding. And I apologize, heinous finding. So there was not much to present. So for those reasons, these first two arguments are clearly rebutted by the record. As to the third argument, that his counsel was unreasonable because he stayed on as counsel, even where he claims his court found him unreasonable, that is equally true. This argument must fail because this court simply did not make the finding that his counsel was unreasonable. The entirety of this court's analysis as that point was a mention of each of Petitioner's individual arguments and a conclusion with his argument that his counsel was unreasonable, and then a global sentence that we agree without going into any individual detail. Um, there was no analysis about what a reasonable attorney would have done in the same situation. The difference between, there was no analysis between the difference between Strickland and reasonableness. There was no finding of prejudice or a look into Supreme Court Rule 651c. Simply put, if this court wanted to find that his counsel was unreasonable or provided unreasonable assistance, then it would have said so explicitly and not left the matter up to interpretation. For these reasons, if there are no further questions, the people request that this court affirm the Circuit Court's dismissal of the Petitioner's Post-Conviction Hearing Act claim. Let's hear the rebuttal. So what about the argument that this court sent the case back down with specific instructions for certain issues to be addressed and defendant's counsel did not address those issues? I apologize. Would you mind repeating the question? Sure. What about the issue that this court remanded the case with specific issues regarding its guidance in terms of what needed to be addressed and defendant's counsel didn't address those issues and therefore, you know, his conduct is alleged to have been unreasonable? Well, Your Honor, as to that issue, it's the people's position that that's clearly rebutted by the record. There are several court dates where each party went over all the volumes on Morris' retrial and his resentencing and the evidentiary hearing had them citing it throughout. There was specific arguments from Petitioner's counsel that he was the less culpable of the that he was that Morris was the moving force behind it. And that was the same gist of his argument as to the disparate claims. It's the same one as he makes on appeal. It's the people's position that they were fully briefed and the instructions were followed. Any further questions? No. Then let's hear the rebuttal. Yeah, I'd actually like to start with just the second issue because it's fresh. First, it's just factually not true that the record establishes that counsel or the court really examined the sentencing hearing. I mean, the most important fact was left out, not only left out by post-conviction counsel, you know, the fact that Morris was found to be more culpable, but counsel actually affirmatively misled the court by saying at the resentencing Morris was found to be accountable himself. So that's not only did counsel not get the, you know, sort of the golden fact for his client, didn't get that right, but then misstated it to the court and affirmatively misled the court. So there's no way that that conduct can be defensible or reasonable under any standards, Strickland or otherwise. The other thing, you know, where this court summarized all of the arguments and said, we agree, it couldn't be any clearer that counsel was found to be ineffective. So those points should be refuted. And then turning to the first issue, we've cited numerous cases that show where there's brutal and heinous finding in one, but not the other. Even if the reviewing court believes that the facts were brutal and heinous, they still vacate the extended sentence and reduce it to match that of the co-defendant to make sure that there's not a disparate sentence. So there's plenty of case law on that point. As far as Rodriguez, in Rodriguez, which the state relies upon, the court determined that the circuit court erred in granting a new sentencing hearing. That is not what's before us today. Nobody's arguing, the state is not arguing that Morris was not validly resentenced. He just, as the state put it, you know, got a break. Well, that certainly results in a 40-year disparity that cannot be resolved based on the facts of these two defendants. So for those reasons, we asked this court to reduce the sentence of time one night. Thank you. Any further questions? Thank you very much. You guys have given us an interesting case and we'll have an order or an opinion to you shortly.